# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20634
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALISA G. BRYANT,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-3903

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Alisa Bryant appeals the district court's denial of her Federal Rule of Civil Procedure 60(b) motion to vacate the default judgment entered against her. We AFFIRM.

This suit involves a dispute over repayment of a student loan that was disbursed over thirty years ago. Bryant received the $2,500 loan from Texaco

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20634

Houston Credit Union in 1982 while attending Southern University. After Bryant failed to make timely payments, the loan was declared in default in 1987. The loan guarantor, USA Funds, paid Texaco the outstanding amount due and Bryant then became indebted to the guarantor. Bryant made some payments between 1989 and 1992, but USA Funds was unable to collect the full amount owed. The debt was later assigned to the United States Department of Education. In October 2004, the United States initiated this suit to collect the outstanding balance. Bryant received notice of the suit by substituted service in November. After she failed to defend, the district court entered a default judgment against her in December. Over nine years later, Bryant filed a motion to "reverse the default judgment," which the district court construed as a Rule 60(b) motion to set aside a judgment. The district court denied the motion after a hearing in September 2014.

## DISCUSSION

This court reviews a district court's refusal to set aside a default judgment for abuse of discretion. *Wooten v. McDonald Transit Assocs., Inc.*, 775 F.3d 689, 692–93 (5th Cir. 2015).

Rule 60(b) provides six provisions for setting aside a judgment. Bryant urges that the judgment should be set aside under the Rule's first three provisions for mistake, discovery of new evidence, and fraud. *See* Fed. R. Civ. P. 60(b)(1)–(3). She also argues that the judgment should be vacated under Rule 60(b)(6)'s "catch-all" provision, which allows a court to set aside a judgment for "any other reason that justifies relief."[1] Fed. R. Civ. P. 60(b)(6).

---

[1] Bryant also purports to argue on appeal that the judgment should be set aside under Rule 60(b)(4) and (b)(5), but her arguments do not implicate these provisions.

No. 14-20634

Rule 60(c) provides time requirements for filing a 60(b) motion: "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Bryant's motion was filed more than nine years after the judgment was entered. Thus, her arguments under Rule 60(b)(1)–(3) are foreclosed by the plain language of Rule 60(c). While it is true that relief may be granted under Rule 60(b)(6) outside of the one-year period, such motions still must be brought within a "reasonable time." *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994) (citation omitted). Reasonableness depends upon the particular facts and circumstances of each case. *Id.* "Rule 60(b)(6) motions will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (citation and internal quotation marks omitted).

Bryant's motion was not filed within a reasonable time and she has not shown that extraordinary circumstances are present. Therefore, her Rule 60(b)(6) motion also fails.

AFFIRMED.